NEAL v. MORSE.

GAME AND FISH LAWS—DESTRUCTION OF NETS.

A docket entry by a justice, showing that a defendant pleaded guilty to a charge of violating a statute in fishing in a certain river, but which does not show any trial of the question as to whether certain nets seized were in unlawful use, and should be destroyed, in compliance with the provisions of 2 Comp. Laws, §§ 5754, 5755, does not authorize an order confiscating the nets.

Error to Bay; Shepard, J. Submitted April 9, 1903. (Docket No. 12.) Decided July 14, 1903.

Case by John Neal against Grant M. Morse, State game and fish warden, and Theodore Trudell, deputy warden, for the illegal destruction of certain nets. From a judgment for plaintiff, defendants bring error. Affirmed.

*Horace M. Oren*, Attorney General ( *George S. Law*, of counsel), for appellants.

*Porter & Haffey* (*John E. Simonson*, of counsel), for appellee.

MONTGOMERY, J. The defendants are respectively State game and fish warden and deputy. The deputy seized certain pound nets in possession of the plaintiff, and,

by direction of the warden, destroyed the same. This action is brought to recover the value of these nets. The plaintiff recovered, and the defendants bring error.

The question presented is whether a judgment had passed authorizing the defendants to destroy these nets. If any such judgment was passed by a court having jurisdiction of the matter, appellants' counsel are entirely right in their contention that such judgment cannot be attacked collaterally. The statute in question is Act No. 28 of the Public Acts of 1887, as amended by Act No. 110 of the Public Acts of 1893, being sections 5754 and 5755 of the Compiled Laws of 1897. These sections were before the court for construction in *Osborn* v. *Charlevoix Circuit Judge*, 114 Mich. 655 (72 N. W. 982). We held in that case that the act in question authorizes the seizure of the nets in unlawful use, and contemplates a trial of the question as to whether they have been taken in unlawful use, and as to whether they should be condemned, in the same proceeding in which the offender is tried for an infraction of the law. We held also that the law does not declare that property found in illegal use shall be forfeited, but that it does authorize destruction of such property within the discretion of the justice who tries the offender, and that this manifestly requires a judicial determination by the justice of the illegal use, and a discretion as to the disposition of the property.

In the present case the docket entry of the justice reads as follows:

" *The People of the State of Michigan* vs. *John Neal.* Offense, violation of fish and game laws. Complaint in writing made October 17th, A. D. 1901, by Theodore Trudell, on oath, and warrant issued returnable forthwith. Warrant returned October 18th, A. D. 1901, duly served, by Joseph W. Hutchinson, constable, and defendant in court. Defendant, John Neal, arraigned in open court, pleaded guilty to the charge set forth in said complaint as recited in said warrant of arrest, which was read to him by me, the said justice, Charles F. Craw. On which day, after hearing the evidence, the court finds that the said

John Neal was guilty as charged in said complaint, and I did therefore adjudge and determine that the said John Neal should pay a fine of $8.00 and costs, and pound nets seized from said John Neal by said Theodore Trudell be condemned and confiscated, and ordered disposed of by the game and fish warden of this State. Fined $8.00. Constable's costs, $9.00. Court costs, $3.00. Total, $20.00."

It appears in evidence that there was a written complaint made against Neal charging him with a violation of the statute in fishing in the Quanicassee river, and a warrant issued upon that complaint; that there was also on the day previous a so-called complaint for seizure, in which the complainant prayed that the pound nets be condemned and confiscated, but, so far as appears, no warrant was issued upon this complaint for seizure. There was an independent order of condemnation, not entered upon the docket, which, aside from certain technical defects, appears to have been based upon an *ex parte* examination under oath of the complainant, and does not indicate that any trial of the questions involved was had in any form; so that the only judgment upon which defendants can rely as a justification is that embodied in the docket entry.

It may be further stated that this docket entry is not aided by proof of independent facts. On the contrary, the evidence indicates that no information was afforded the defendant that the question whether these nets should be condemned was being tried; although, as before stated, if the docket entry shows a valid judgment, that judgment may afford protection to the defendants in this collateral proceeding. But we are constrained to hold that, so far as the docket entry shows a condemnation and confiscation of the nets in question, the judgment is *coram non judice.* The judgment recital is that the defendant, Neal, was arraigned in open court, and pleaded guilty to the charge set forth in the complaint and warrant *of arrest;* that on the same day, after hearing the evidence, the court finds that the said John Neal is guilty as charged in said complaint; and proceeds:

"I did *therefore* adjudge and determine that the said John Neal should pay a fine of $8.00 and costs, and pound nets seized from said John Neal by said Theodore Trudell be condemned and confiscated, and ordered disposed of by the game and fish warden of this State."

Without pausing to discuss the form of this judgment as to the order of disposal, the infirmity—which is manifest at a glance—is that there is nothing to indicate that the defendant in that proceeding had his day in court upon the question of whether these nets should be condemned. There is no pleading in the case, no complaint read to him, involving the question, he is not called upon to give evidence upon it, nor, so far as the record shows, was any evidence adduced by the people upon that subject.

We think that, upon the face of the judgment entry, the justice was without jurisdiction to render such a judgment. It follows that the judgment below should be affirmed, with costs.

The other Justices concurred.